## *ULMAN EINSTEIN & CO. v. EFFINGER.

1. JUDGMENT SET ASIDE FOR FRAUD.

A judgment may be set aside for fraud although defendant was properly served with summons, by copy left at her usual place of residence, and made no defense to the action, where a good and valid excuse is shown for not defending.

2. RULE APPLIED.

A judgment procured against a party on an account which she never owed nor

---

* The judgment of the circuit court in this case was affirmed by the Supreme Court, 60 Ohio St., 579 [54 N. E. Rep., 1101].

*Nat. C. & J. S. McLean*, for plaintiff in error in the Supreme Court, cited:
Pleading: Pendleton v. Galloway, 9 Ohio, 178 [34 Am. Dec., 434]; Baldwin v. Sheets, 39 Ohio St., 624.

Collateral attack: Spier v. Corll, 33 Ohio St., 236; Lewis v. Moon, 1 Circ. Dec. 116 (1 R. 211]; Bigelow v. Bigelow, 4 Ohio, 134, 138, 148 [19 Am. Dec., 591]; Buell v. Crop, 4 Ohio, 327; Douglass v. McCoy, 5 Ohio, 522; Foster v. Dugan, 8 Ohio, 89, 107; Adams v. Jeffries, 12 Ohio, 253 [40 Am. Dec., 477]; Boswell v. Sharp, 15 Ohio, 447; Paine v. Mooreland, 15 Ohio, 435 [45 Am. Dec., 585]; Douglass v. Massie, 16 Ohio, 271; Cochran v. Loring, 17 Ohio, 409; Newman v. Cincinnati, 18 Ohio, 323 ! Reynolds v. Stanbury, 20 Ohio, 344 [55 Am. Dec., 459]; Fowler v. Whiteman, 2 Ohio St., 270, 286; Moore v. Robison, 6 Ohio St., 302; Trimble v. Longworth, 13 Ohio St., 431; Callen v. Ellison, 13 Ohio St., 446 82 Am. Dec., 448]; Hammond v. Davenport, 16 Ohio St., 177; Calkins v. Johnston, 20 Ohio St., 539, 549 :

Collateral impeachment in tribunal rendering the judgment: State v. Daily, 14 Ohio, 91; Calvin v. State, 12 Ohio St., 60, 70; Wooster Bk. v. Stevens, 1 Ohio St., 233 [59 Am. Dec., 619].

Justice courts—Court of record: Adair v. Rogers, Wright, 428; Stockwell v. Coleman, 10 Ohio St., 34, 40 :

Jurisdiction: McCurdy v. Baughman, 43 Ohio St., 78 [1 N. E. Rep., 93]; State v. Daily, 14 Ohio, 91; Spier v. Corll, 33 Ohio St., 236; Lewis v. Moon, 1 Circ. Dec., 116 (1 R. 211); Griffin v. State, 18 Ohio St., 438, 446.

*Peter J. Collins*, for defendant in error, cited :
Pleading: Mansfield, C. & L. M. R. R. Co. v. Hall, 26 Ohio St., 310; Shroyer v. Richmond, 16 Ohio St., 455 :

Collateral attack: Wooster Bank v. Stevens, 1 Ohio St., 233 [59 Am. Dec., 619]; Conway v. Duncan, 28 Ohio St., 102; Ralston v. Wells, 49 Ohio St., 301 [30 N. E. Rep., 784]; Baldwin v. Sheets, 39 Ohio St., 624.

Fraud and collateral attack: Freeman on Judgments, Secs. 486, 495; 2 Black on Judgments, Sec 979; Hogg v. Link, 90 Ind., 346; Miller v. Longacre, 26 Ohio St., 291; Coates v. Bank, 23 Ohio St., 415; Darst v. Phillips, 41 Ohio St., 514, 518.

became either directly or indirectly liable for, may be set aside in a proper proceeding brought for that purpose.

3. PLEADING SUFFICIENT AVERMENT OF FRAUD.

It is a sufficient averment of fraud in a petition to set aside a judgment to allege that the merchandise for which the judgment was obtained, was sold to plaintiff's husband and that afterwards the name of the wife was inserted in the account therefor, without her knowledge or consent, which account with her name so fraudulently inserted was sued on and judgment procured, against her.

ADAMS, J.

Memorandum of decision.

First.   A judgment may be set aside for fraud notwithstanding the fact that no defense was made at the time it was rendered although the defendant was properly served with summons by copy thereof left at her usual place of residence.

Second.   A judgment procured against a party on an account which she never owed, nor became neither directly nor indirectly liable for its payment, constitutes a fraud on the court rendering such judgment, which should be set aside in a proper proceeding brought for that purpose.

Third.   An averment in a petition that goods or merchandise were sold to a husband, and that afterwards and before suit is brought to recover the price thereof, the plaintiffs insert the name of the wife of such husband in said account, and without her knowledge or consent, is a sufficient averment of fraud to constitute a cause of action, and a demurrer to such petition and pertinent interrogatories attached thereto is properly overruled.